# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JESSE SISK,** ) | |
| ) | |
| **Plaintiff** ) | **Case No. 5:07-cv-1646-VEH** |
| ) | |
| **v.** ) | |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## **MEMORANDUM OPINION**

Plaintiff Jesse Sisk ("Mr. Sisk") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration, which denied his application for disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").[1] Mr. Sisk timely pursued and exhausted his administrative remedies available before the Commissioner. This case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. This court has carefully considered the record and finds that the decision is due to be reversed and remanded as more fully explained below.

---

[1] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

## **STANDARD OF REVIEW**[2]

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the administrative law judge's ("ALJ") opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the

---

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

Regulations promulgated thereunder.[3]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of March 27, 2008.

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote,* 67 F.3d at 1559.

## FACTUAL BACKGROUND

Mr. Sisk was 53 years of age on February 27, 2007, which was the date of his hearing before the ALJ. (Tr. 22). He claimed disability, DIB, and SSI on August 26, 2005, alleging a disability onset date of August 22, 2005. (Tr. 11). Mr. Sisk attended school until the tenth grade and worked as a heavy equipment operator and mechanic before his alleged disability onset date. (Tr. 26, 29). As stated in the disability report form, Mr. Sisk based his disability claims upon heart problems and diabetes. (Tr. 80).

## FINDINGS OF THE ALJ

The ALJ first found that Mr. Sisk met the insured status requirements through December 31, 2009. (Tr. 13). The ALJ then found that Mr. Sisk had not engaged in

substantial gainful activity since August 22, 2005, the alleged onset date. (*Id.*). The ALJ determined that Mr. Sisk suffered from the following severe combination of impairments: coronary artery bypass surgery, hypertension, and diabetes mellitus. (*Id.*). As a result, Mr. Sisk met the first two prongs of the five-prong test; however, the ALJ did not find that these impairments – taken separately or in tandem – met or equaled the criteria of a listed impairment. (Tr. 14).

The ALJ further found that Mr. Sisk had a residual function capacity ("RFC") of light work with some additional limitations. (*Id.*). The ALJ added the following limitations: Mr. Sisk may never climb ladders, ropes, or scaffolds; work around hazardous machinery, unprotected heights, or bodies of water; drive professionally; or be exposed to extreme cold, extreme heat, humidity, vibration, fumes, odors, dusts, gases, and poor ventilation. (*Id.*).

After hearing testimony from a vocational expert ("VE") who described Mr. Sisk's past work as medium, performed at heavy, and skilled, the ALJ found that Mr. Sisk was unable to perform any past relevant work. (Tr. 17). However, based on the VE's testimony that several jobs were available in the local economy for someone with Mr. Sisk's age, education, work experience, and residual function capacity, the ALJ found that Mr. Sisk was not disabled. (Tr. 18).

# FINDINGS AND HOLDINGS OF THE COURT

Mr. Sisk seeks to have the ALJ's decision, which became the final decision of the Commissioner, reversed with an award of benefits or remanded for further consideration. Mr. Sisk bases his request on several different points: (1) whether the ALJ improperly relied upon the opinion of a non-treating, non-examining, and non-physician state agency worker, (2) whether Mr. Sisk met all the elements of a listed impairment, and (3) whether the ALJ properly applied the standard as required by 42 U.S.C.A. § 423(d)(5)(A).

**I.     The ALJ erred in neglecting to show good cause for rejecting the findings of treating physician Dr. Hartley.**

The ALJ failed to explain why he rejected the medical opinions of Mr. Sisk's treating physicians – primarily Dr. Hartley – and instead gave substantial weight to the opinion of Dr. Gulati. On November 18, 2005, Mr. Sisk was admitted to Huntsville Hospital after complaining of chest pain. (Tr. 170). During his stay at the hospital, Dr. Hartley performed a left heart catheterization on Mr. Sisk, the results of which confirmed that he had heart problems consistent with ischemic heart disease.[4] (Tr. 173).

Though noting the hospital visit in his opinion, the ALJ does not explain what

---

[4] "What is ischemic heart disease (IHD)? IHD results when one or more of your coronary arteries is narrowed or obstructed or, in rare situations, constricted due to vasospasm, interfering with the normal flow of blood to your heart muscle (ischemia)." 20 C.F.R. Pt. 404(P)(1).

6

weight, if any, he put upon this diagnosis. This is clearly at odds with the Regulations and Eleventh Circuit case law that state the standard for evaluating medical opinion evidence: "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997).

The Eleventh Circuit further held in *Lewis* that the ALJ must show good cause in his rationale for discrediting the opinions of treating physicians. *Id.* In *Lewis*, the ALJ placed little weight on the medical opinion of a treating physician and more weight on consultative examiners. *Id.* at 1440-1441. The ALJ's failure to base his rationale for doing so on substantial evidence warranted a reversal. *Id.* Similarly, in the current case, the ALJ did not explain why he gave little weight to the opinion of Dr. Hartley; therefore his opinion cannot be based upon substantial evidence.[5]

## II.     The ALJ erred in placing great weight on the opinion of Dr. Gulati.

Furthermore, the ALJ placed substantial weight on the opinion of Dr. Gulati, a consultative examiner. (Tr. 17). However, Dr. Gulati did not include the November 18 hospitalization in his consultative work-up, which undermines many of his

---

[5] *See also Alexander v. Apfel*, No. CV-97-2631 (N.D. Ala. Aug. 26, 1998) (Hancock, J.) (The court was forced to remand the case because the ALJ failed to properly explain what weight was given to the treating physician's opinion. "At the very least, the court is unable to determine whether the ALJ applied the proper legal standard and gave Dr. Clayborn's report substantial or considerable weight or found good cause not to do so.").

conclusions in relation to Mr. Sisk's heart problems. Moreover, the ALJ put substantial weight on Dr. Gulati's opinion because it was consistent with the opinion of a single decision maker, Ms. Lorene Henderson, an employee of the agency who is not a physician. (*Id.*).

### III. The ALJ erred in placing substantial weight on the medical opinion of a non-physician single decision maker.

Though the Social Security Administration has chosen to test new forms of interviewing clients and making determinations, these newer regulations do not suggest that the opinion of the single decision maker should be given the same weight as the opinion of a non-treating physician. 20 C.F.R. § 404.906(b)(2).[6] Put more succinctly, an agency worker is not the same as a physician; therefore, the court is persuaded that the worker's medical opinion cannot be given the same weight as that of any physician.[7]

---

[6] Based on a plain meaning interpretation, the regulation in question does not state that the opinions of the single decision maker should be given the same weight as that of a physician. "Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).

[7] *See also* SSR 96-6p (July 2, 1996) "State agency medical and psychological consultants are highly qualified *physicians and psychologists* who are experts in the evaluation of the medical issues in disability claims under the act ... Administrative law judges and the Appeals Council [should] consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of non-treating physicians and psychologists." (emphasis added.)

8

The Commissioner cites *McNabb v. Barnhart*[8] as persuasive authority on the point that a single decision maker's opinion should be weighted the same as a physician; however, that opinion is distinguishable from the case at hand. (Comm. Br. 16). In *McNabb*, the court states that it gave more weight to the "state agency medical consultants." *McNabb* at 9. Then the opinion states that the agency's disability determination specialist, Fred Thompson, found that McNabb had an RFC to perform light work. *Id*. Nowhere in the opinion does the court say that it gave substantial weight to Fred Thompson. Rather, it places the weight on the opinions of *medical consultants*, which is consistent with the SSR 96-6p definition that medical consultants are "highly qualified physicians and psychologists." Consequently, *McNabb* has no bearing on the current case.[9]

Because the ALJ failed to properly credit Mr. Sisk's treating physician's opinion and improperly credited the non-physician single decision maker's opinion, the ALJ's determination is not based upon substantial evidence and is due to be

---

[8] No. CV-04-BE-1407-NE (N.D. Ala. March 14, 2006) (Bowdre, J.).

[9] The Commissioner also cites *Oakes v. Barnhart*, 400 F. Supp. 2d 766 (E.D. Pa. 2005), to support his argument. However, *Oakes'* focus is on the actual procedure of allowing a non-medical single decision maker to make a determination, whereas in the current case, the focus is on the weight given to that opinion. In any case, the court is not persuaded by the Commissioner's argument on this point.

reversed.[10]

## CONCLUSION

The court concludes that the ALJ's determination that Mr. Sisk is not disabled is not supported by substantial evidence and improper legal standards were applied in reaching this determination.  The Commissioner's final decision is therefore due to be **reversed** and **remanded** for further proceedings consistent with this memorandum opinion.  A separate order will be entered.

**DONE** and **ORDERED** this the 23rd day of April, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[10] Because the case requires remand based on the weight given to medical opinion evidence, the remainder of Mr. Sisk's arguments will not be addressed.